UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-22445-CIV-COHN/SELTZER

JOSE JIMENEZ, and all others similarly
situated under 29 U.S.C 216(B),

    Plaintiff,

v.

UNITED FREIGHT BROKERAGE CORP.,
UNITED FREIGHT EXPRESS CORP.,
MARIA E. KAFURY, and  LUIS F. MESA,

    Defendants.
_____/

## AMENDED ORDER[1]

THIS CAUSE is before the Court on Plaintiff's Motion to Compel Defendants to Complete Fact Information Sheet in Aid of Execution Pursuant to Florida Rule of Civil Procedure 1.560 and 1.977  (DE 54 and DE 57) ("Motion to Compel") and the Court being full advised, it is hereby ORDERED that the Motion is DENIED for the reasons set forth below. [2]

On November 12, 2009, Plaintiff Jose Jimenez filed an Amended Complaint against (corporate) Defendants United Freight Brokerage Corp., United Freight Express Corp., and (individual) Defendants Maria E. Kafury, and Luis F. Mesa, alleging violations of the Fair

---

[1] This Order is amended only to reflect Plaintiff's compliance with the Court's Order directing service (DE 64). Plaintiff filed his Notice of Compliance with the Court on November 22, 2016 (DE 69)  – after the Court entered its November 17, 2016 Order Denying the instant Motion to Compel (DE 66).

[2] The instant motion was referred to the undersigned pursuant to 28 U.S.C. § 636 (DE 58).

Labor Standards Act.  See Amended Complaint (DE 18).  On July 9, 2010, the Court entered a Final Default Judgment against all four Defendants – United Freight Brokerage Corp., United Freight Express Corp., Maria E. Kafury, and Luis F. Mesa – jointly and severally, in the sum of $25,000 (less payments previously paid), plus interest.  See Default Final Judgment (DE 39) (granting Plaintiff's Motion for Final Default Judgment for failure to make timely payments pursuant to settlement agreement).

Neither the individual Defendants nor the corporate Defendants have made any attempt to satisfy the judgment. After engaging in discovery in aid of execution, Plaintiff, on September 30, 2016, filed the instant motion, asking the Court to compel all Defendants to complete Form 1.977: Fact Information Sheet.  See Motion to Compel (DE 54); see also Fact Information Sheet 1.977) (DE 57).   Plaintiff also mailed copy of the instant Motion (DE 54) and Exhibits attached thereto (DE 57) by regular mail to (individual) Defendants Luis F. Mesa and Maria E. Kafury at 11580 S.W. 30th Street, #204, Miramar, Florida 33025.  See Certificates of Service (DE 54 and DE 57).

On October 21, 2016, this Court entered an Order (DE 64) directing all four Defendants to file a Response to Plaintiff's Motion to Compel (DE 54) and attachments thereto (DE 57); Defendants' responses were due on or before November 14, 2016.  See Order (DE 64).  The Court then ordered Plaintiff to serve a copy of the Court's Order (DE 64), Plaintiff's Motion to Compel (DE 54), and attachments thereto (DE 57) (Fact Information Sheet 1.977) on the individual Defendants and corporate Defendants (via their registered agent) by certified mail, return receipt requested and to file a Notice of Compliance with the Court.  See Order (DE 64).  Additionally, the Court ordered Plaintiff to notify the Court whether the individual Defendants and the corporate Defendants (via

2

their registered agent) each received a copy of the Court's Order, Plaintiff's Motion to Compel (DE 54), and the propounded Discovery (DE 57), as evidenced by filing in the record the signed, return receipt.[3]  See Order (DE 64).

As of November 17, 2016, neither the individual Defendants nor the corporate Defendants (via their registered agent) had filed a Response to Plaintiff's Motion to Compel Defendants to Complete Fact Information Sheet in Aid of Execution Pursuant to Florida Rule of Civil Procedure 1.560 and 1.977 (DE 54 and DE 57) and their November 14, 2016 ordered time for doing so had passed. See Orders (DE 64 and DE 66).  Plaintiff, however, by that time (November 17, 2016) had failed to notify the Court (as ordered) whether he served on the individual Defendants and corporate Defendants (via their registered agent) the Court's Order (DE 64), Plaintiff's Motion to Compel Defendants to Complete Fact Information Sheet in Aid of Execution Pursuant to Florida Rule of Civil Procedure 1.560 and 1.977 (DE 54), and the attachments thereto (DE 57) by certified mail, and he had not filed in the record the signed, returned receipt. See Order (DE 64).  As such, it appeared that (corporate) Defendants United Freight Brokerage Corp., United Freight Express Corp. (via their registered agent), and (individual) Defendants Maria E. Kafury, and Luis F. Mesa did not receive a copy of the Court's Order requiring it to respond to the instant Motion. This also raised doubts as to whether these Defendants ever received and/or were even aware of Plaintiff's discovery requests; the Court, therefore, on November 17, 2016, denied Plaintiff's Motion to Compel. See Order (DE 66).

On November 22, 2016, Plaintiff filed a Notice of Compliance, notifying the Court that the he had on October 28, 2016, served by certified mail, return receipt requested a

---

[3] The Court also stated that "[i]If no receipt is returned, counsel shall file a statement in the record indicating such."  Order at 2 n.2 (DE 64).

3

copy of the Court's Order Directing Response and Service (DE 64) and Plaintiff's Motion to Compel and the Exhibits attached thereto upon the individual and corporate Defendants. See Plaintiff's Notice of Compliance (DE 69).  Furthermore, on that date, he also informed the Court that on November 8, 2016, "all correspondence served pursuant to the Court's Order (DE 64) were returned marked 'Return to Sender + - Attempted Unknown -Unable to Forward'" and that "[t]o date, the undersigned [Plaintiff's counsel] has not received any returned receipts."  Plaintiff's November 22, 2016 Notice at 1 and Ex. A (DE 69).  And although neither the individual Defendants nor the corporate Defendants (via their registered agent) have still not filed a Response to Plaintiff's Motion to Compel (DE 54 and DE 57) and their ordered time for doing so has passed, it is evident that they did not receive a copy of the Court's Order requiring it to respond to the instant Motion.  This continues to raise doubts as to whether these Defendants ever received and/or were even aware of Plaintiff's discovery requests.   Accordingly, the Court must deny Plaintiff's motion.[4]

DONE AND ORDERED in Fort Lauderdale, Florida, this 1st day of December 2016.

BARRY S. SELTZER
United States Magistrate Judge

---

[4] Plaintiff shall serve a copy of this Order on all Defendants forthwith and file a Notice of Compliance with the Court.

4

Copies to:

Honorable James I. Cohn
United States District Judge

All Counsel of Record

Luis F. Mesa and Maria E. Kafury
11580 S.W. 30th Street, #204
Miramar, Florida 33025